UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ALLAN THORNTON, CARDELL ALSTON, and LESLIE LEWIS

Plaintiffs,

v.

CITY OF NEW YORK, JEFFREY GORIS, EDWARD OLIVE, RUBEN NATANOV,

Defendants.

---------------------------------------------------------------

**ORDER**
25-CV-3468 (MKB) (PK)

MARGO K. BRODIE, United States District Judge:

On June 22, 2025, Plaintiffs Allan Thornton, Cardell Alston and Leslie Lewis filed a Complaint against Defendants City of New York, New York Police Department ("NYPD") Detective Jeffrey Goris, New York Sheriff's Office Deputy Sheriff Edward Olive, and members of the NYPD and/or Sheriff's Office John and Jane Doe 1–6 alleging claims of false arrest, denial of a fair trial, malicious prosecution, and unlawful seizure of property, and against Defendant Ruben Natanov alleging breach of contract, conversion and actual and constructive eviction.[1] (Compl., Docket Entry No. 1.)

On September 21, 2026, the City of New York, Detective Goris, and Deputy Sheriff Olive filed a motion to dismiss with prejudice Alston's claims for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[2] (Defs.' Mot. to Dismiss for Lack of

[1] On February 12, 2026, the Court dismissed the claims against Natanov without prejudice. (*See* Minute Entry dated Feb. 12, 2026.)

[2] On September 21, 2026, Defendants, Thornton and Lewis filed a Stipulation of Voluntary Dismissal, with prejudice. (Stip. of Vol. Dismissal, Docket Entry No. 42.) On September 24, 2026, the Court adopted the Stipulation of Voluntary Dismissal. (Stip. and Order

Prosecution, Docket Entry No. 43.) On September 23, 2026, the Court directed Alston to respond to Defendants' motion by September 29, 2026, but Alston did not respond. (*See* Order dated Sep. 29, 2026.) For the reasons discussed below, the Court grants Defendants' motion and dismisses with prejudice Alston's claims.

## I. Background

On August 21, 2026, Alston's counsel moved to withdraw from representing him, because of "a breakdown in [] communications with Mr. Alston that is negatively impacting [counsel's] ability to proceed on his behalf." (Mot. to Withdraw as Counsel for Cardell Alston, Docket Entry No. 40.) On August 28, 2026, Magistrate Judge Peggy Kuo orally granted Alston's counsel's motion to withdraw at a hearing. (Minute Entry and Order dated Aug. 31, 2026.) Although notified, Alston did not attend the hearing. (*See id.*) Judge Kuo reminded Alston that "[i]f [he] does not appear *pro se* or through counsel, his case may be dismissed for lack of prosecution." (*Id.*)

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Park v. Kim*, 91 F.4th 610, 612 (2d Cir. 2024) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (same); *see also United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 163 (2d Cir. 2023) ("Under Rule 41(b), a district court, in its discretion, may dismiss an action for a plaintiff's want of prosecution." (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993))). Dismissal pursuant to Rule 41(b) is,

---

of Dismissal, Docket Entries 44–45.) Alston has "not 'appear[ed] *pro se* or through counsel.'" (Stip. of Vol. Dismissal (alteration in original) (quoting Minute Entry and Order dated August 31, 2026).)

however, a "harsh remedy" to be "reserved for 'extreme situations.'" *Id.* (quoting *Minnette*, 997 F.2d at 1027); *see also Costello v. Paramount Glob., Inc.*, No. 25-794, 2026 WL 1378300, at *2 (2d Cir. May 18, 2026) (summary order) (observing that "Rule 41(b) dismissal remains a harsh remedy to be utilized only in extreme situations"), *cert. docketed*, No. 26-5724 (Oct. 1, 2026); *Friedman v. Bloomberg, L.P.*, No. 22-2967, 2024 WL 1298601, at *3 (2d Cir. Mar. 27, 2024) (summary order) (quoting *Baptiste*, 768 F.3d at 217) (same); *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020) (quoting same). When district courts assess whether dismissal under Rule 41(b) is appropriate, they must consider the "*Drake* factors," namely whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) [the] plaintiff was given notice that further delay would result in dismissal; (3) [the] defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against [the] plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Mayanduenas v. Bigelow*, 849 F. App'x 308, 310–11 (2d Cir. 2021) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *Park*, 91 F.4th at 612–13 (considering the same five factors); *see also Costello*, 2026 WL 1378300, at *2 (considering the same factors) (quoting *Baptiste*, 768 F.3d at 216); *see also Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (quoting *Baptiste*, 768 F.3d at 216) (same). Courts must "evaluate the record in its entirety because '[n]o one factor is dispositive.'" *Weiner*, 87 F.4th at 164 (alteration in original) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *see also Pal v. Cipolla*, No. 24-1695, 2026 WL 852228, at *1 (2d Cir. Mar. 27, 2026) (summary order) (quoting same). "'Generally, no one factor is dispositive,' and 'a district court is not required to discuss each of the factors on the record . . . .'" *Snap Devs. LLC v. Tabak*, No. 25-CV-1221, 2026 WL 901170, at *5 (E.D.N.Y. Apr. 2, 2026) (alteration in original) (quoting *Martens v. Thomann*, 273 F.3d

159, 180 (2d Cir. 2001)); *see Crispin v. Roach*, No. 24-460, 2025 WL 1364089, at *1 (2d Cir. May 12, 2025) (summary order) ("[A] district court is not required to discuss each of the factors on the record . . ." (quoting same)); *Nodify, Inc. v. Kristan*, No. 17-CV-2201, 2020 WL 13566475, at *1 (E.D.N.Y. Apr. 17, 2020) ("As 'no one factor is dispositive,' courts need only provide an explanation for the dismissal rather than consider each factor." (quoting same)), *report and recommendation adopted*, 2020 WL 13566476 (E.D.N.Y. May 6, 2020). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)); *see Tacon v. Cromwell*, No. 24-3138, 2025 WL 1409747, at *3 (2d Cir. May 15, 2025) (summary order) (quoting *id.*), *cert. denied*, --- S. Ct. ---, 2026 WL 135740 (Jan. 20, 2026).

In evaluating the relevant factors, the Court finds that they weigh in favor of dismissal. First, Plaintiff failed to appear at the conference before Judge Kuo and has not communicated with the Court regarding the reason for his non-appearance. *See Dickson v. Barnes*, No. 22-CV-4033, 2023 WL 3293641, at *1, 3 (S.D.N.Y. May 5, 2023) (dismissing the plaintiff's claims for failure to prosecute after the plaintiff failed to appear at conferences and comply with the court's orders); *Djokovic v. U.S. Just. Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1 (E.D.N.Y. Aug. 6, 2008) (adopting report and recommendation and dismissing action for failure to prosecute where the plaintiffs "failed to appear at [two] conference[s] or to request an adjournment.").

Second, the Court notified Plaintiff that further delay and failure to appear may result in dismissal of the action. *See Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) ("[The] plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective."); *U.S. Bank Nat'l Ass'n v. Nanan*, No.

20-CV-849, 2022 WL 203100, at *3 (E.D.N.Y. Jan. 24, 2022) (weighing in favor of dismissal the fact that the "plaintiff was given notice that further delay would result in sanctions including dismissal.").

Third, Plaintiff is not participating in discovery, despite the October 14, 2026, deadline and notification by Judge Kuo that "[n]o further extensions of time will be granted." (*See* Order dated June 29, 2026); *see also Thomas v. Nassau Cnty. Corr. Ctr.*, No. 21-CV-1297, 2024 WL 2214699, at *6 (E.D.N.Y. May 16, 2024) (notifying the plaintiff that future "[f]ailure to serve complete discovery responses will result in dismissal with prejudice for failure to prosecute"); *Moore v. City of New York*, No. 22-CV-10957, 2026 WL 87206, at *1 (S.D.N.Y. Jan. 12, 2026) (adopting report and recommendation and declining to reverse a dismissal for failure to prosecute where the plaintiff did not "address[] his ongoing, protracted failure to participate in discovery, which was the basis for the recommendation to dismiss his case for failure to prosecute.").

In addition, dismissal with prejudice is appropriate because: (1) Plaintiff failed to communicate with the Court and failed to respond to deadlines; and (2) Plaintiff failed to appear *pro se* or through counsel. *See Dan Huang v. Shao Yu Lin*, No. 14-CV-7204, 2018 WL 1258796, at *6 (E.D.N.Y. Mar. 12, 2018) (dismissing the plaintiff's claim after notifying the "[p]laintiff that failure to retain counsel or proceed *pro se* could result in dismissal for failure to prosecute"); *Cabrera v. RLB USA Safety & Hardware Inc.*, No. 23-CV-5267, 2024 WL 3011194, at *3–4 (E.D.N.Y. June 14, 2024) (dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b), in part, because the plaintiff failed to: (1) prosecute the action for ten months; (2) comply with a court order that warned that the plaintiff's failure to comply may result in dismissal; and (3) obtain new counsel).

## III. Conclusion

For the foregoing reasons, the Court dismisses with prejudice Alston's claims for failure to prosecute pursuant to Rule 41(b).

Dated: October 16, 2026
Brooklyn, New York

SO ORDERED:

/s/ MKB
MARGO K. BRODIE
United States District Judge